## HART & SCHLESSINGER *v.* FRANCIS.

RECOUPMENT AND SET-OFF — *damages arising from tort.* In an action of assumpsit to recover the amount of a due bill, the defendant cannot recoup or set off damages resulting from the wrongful act of the plaintiff in seizing and detaining defendant's cattle, and causing defendant to hunt for the same.

*Appeal from District Court, Gilpin County.*

ASSUMPSIT brought by Francis, the plaintiff below, against Hart & Schlessinger, a corporation, upon a due bill in form as follows:

MOUNTAIN CITY, COLORADO,
*September* 22, 1870.

$429.20.

| | |
|---|---:|
| Due Joseph Francis on work done for us......... | $286 50 |
| Due Joseph Francis on work done for Hart, assumed by us................................. | 143 70 |
| | $429 20 |

of which the amount of Hart's account is to be paid December 30th.

HART & SCHLESSINGER,
per T. S. SCHLESSINGER, *President.*

To the declaration the defendant filed the following plea:

"And for a further plea in this behalf, said defendant says the plaintiff ought not to have his aforesaid action against it, because it says, that a part of said due bill, viz.: $286.50 therein mentioned, was for work done by plaintiff for defendant under a contract made, to wit: February 1, A. D. 1870, by the terms of which, plaintiff agreed to work for defendant for $50 per month; that said contract was in force at the time of giving the same, and was thereafter to continue in force; that the assumption of the $143.70 by the defendant in said due bill described

to be paid December next following the date thereof was so included, upon the understanding and consideration that plaintiff's contract was still in force, and that plaintiff was to continue in defendant's employ, and in pursuance of such understanding, the plaintiff on receiving said due bill proceeded at once to the said mill of defendant, about eight miles distant from the place of making said due bill, for the purpose of resuming his work under the said contract, but, instead thereof, seized and took, forcibly, possession of a large amount of personal property of the defendant, to wit : ten head of working oxen, lot of wagons and other property, with the express and avowed purpose of holding and keeping the same in satisfaction and payment of said due bill, without legal process and against the protest of defendant. And defendant avers that said plaintiff so held the possession of said property for the period of two or three days, with threats of violence against the agent of said defendant if he attempted to resume the possession of said property, without first making payment of said due bill. And defendant avers that, while in the act of suing out a warrant for the arrest of said plaintiff, three head of said working oxen was lost, driven away, or destroyed by the plaintiff, of the value of, to wit: $400, and the defendant has never recovered possession of the same. And the defendant avers that the taking possession of defendant's property in manner aforesaid, and for the purpose aforesaid, caused great loss, damage and annoyance, in and about the business of defendant, in the partial suspension thereof, and in the employment of men to hunt after said oxen in a large sum, to wit : $500. And defendant avers that the sole and only cause of action in plaintiff's declaration mentioned, is founded upon said due bill; that the defendant has suffered damage to the amount of $900, which it offers to set off, and recoup against said due bill, and this it is ready to verify, whereupon it prays judgment, etc.

To this the plaintiff demurred, and upon argument the demurrer was sustained, and defendant appealed.

Mr. ALVIN MARSH, for appellant.

Mr. WILLARD TELLER, for appellee.

BRAZEE, J.  The only cause assigned for error herein is, that the court below erred in sustaining the demurrer to the third plea of defendant.

The declaration is in assumpsit upon a due bill given by the defendant to the plaintiff.  The plea sets up a trespass and tortious seizure of the appellant's personal property by appellee after the due bill was given, for the purpose of enforcing payment thereof.

The plea offers to set off and recoup the damages resulting from the tort, without alleging any promise of appellee to pay the damages.  The case, therefore, presents the question whether a defendant may set off or recoup the damages occasioned by the tortious act of a plaintiff in violation of the defendant's rights in an action of assumpsit. We are of opinion that such defense cannot be legally interposed in assumpsit.  The demurrer to the defendant's third plea was properly sustained, and the judgment is therefore

*Affirmed.*